IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DEMARIO ROEBUCK**
  **ALSO KNOWN AS DEMARIN ROEBUCK**                                    **PLAINTIFF**

v.                          Case No. 2:20-cv-00163 KGB

**SHELTER MUTUAL**
**INSURANCE COMPANY**                                                   **DEFENDANT**

## ORDER

Pending before the Court are a motion for partial summary judgment filed by plaintiff Demario Roebuck and a petition to file plaintiff's Local Rule 56(1)(a) statement of undisputed facts (Dkt. Nos. 11; 18). Defendant Shelter Mutual Insurance Company ("Shelter") opposes the motion for partial summary judgment and the petition to file a statement of undisputed facts (Dkt. Nos. 15; 19). For the following reasons, the Court determines that there are genuine issues of material fact in dispute that remain for trial and, therefore, denies Mr. Roebuck's motion for partial summary judgment (Dkt. No. 11). The Court denies as moot Mr. Roebuck's petition to file a statement of undisputed facts (Dkt. No. 18).

**I.   Factual Background**

Mr. Roebuck insured a residence at 940 North Rosser Street in Forrest City, St. Francis County, Arkansas (Dkt. No. 2, ¶ 3). Shelter, for the consideration of a premium paid, issued and delivered to Mr. Roebuck a policy of fire loss and casualty insurance to cover the residence (*Id.*, ¶ 4). Mr. Roebuck suffered a fire at the residence (*Id.*, ¶ 3). Mr. Roebuck made a claim with Shelter under the policy, and he maintains that he has provided to Shelter all information Shelter requested promptly after the fire and cooperated with Shelter and its agents (*Id.*, ¶¶ 6, 8). Mr. Roebuck maintains that his residence was totally destroyed by the fire, that he is due the full fire loss limit

from Shelter, and that he is due interest, penalties, attorney's fees, and costs under Arkansas law (*Id.*, ¶¶ 10–12).

Shelter answered Mr. Roebuck's complaint and asserted numerous affirmative defenses to liability under the policy (Dkt. No. 3).  At issue with respect to Mr. Roebuck's motion for partial summary judgment, Shelter affirmatively stated that Mr. Roebuck's policy may be void for the reason that Mr. Roebuck, or "insured" under the policy, "intentionally concealed or misrepresented material facts and circumstances related to the fire loss of November 21, 2019, engaged in fraudulent conduct, and/or made false statements related to the fire loss of November 21, 2019," to Shelter "including, but not limited to, Plaintiff's proof of loss, Plaintiff's examination under oath, any 'insured's' examinations under oath, and the failure to comply with other duties after loss as required by the policy at issue, regarding matters including, but not limited to, the cause and origin of the fire, and the Plaintiff's financial condition before and at the time of the fire." (*Id.*, ¶ 22).

**II.     Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine if a reasonable jury could render its verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).  Mere denials or allegations are insufficient to defeat an otherwise properly supported motion for summary judgment. *See Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008); *Com. Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271-72 (8th Cir. 1992).

First, the burden is on the party seeking summary judgment to demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019). If the moving party satisfies its burden, the burden then shifts to the non-moving party to establish the presence of a genuine issue that must be determined at trial. *See Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-movant "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Matsushita*, 475 U.S. at 586-87). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III.     Analysis

Mr. Roebuck moves for summary judgment maintaining that, on July 28, 2020, Shelter "responded to Plaintiff's Complaint and pled, without specificity, that Plaintiff made misrepresentations." (Dkt. No. 11, ¶ 3). Mr. Roebuck asserts that "[t]he allegations in the Answer do not support a finding that the Plaintiff's actions amounted to any material misrepresentations." (*Id.*, ¶ 4). As a result, Mr. Roebuck contends that "there is no genuine issue of material fact that demonstrates Plaintiff made material misrepresentations in his proof of loss, examination under oath, or complicity with duties after loss as required by the policy. . . ." (*Id.*, ¶ 5). When he filed his motion for summary judgment, Mr. Roebuck failed to comply with Local Rule 56.1(a) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* in that he failed to file a separate short and concise statement of the material facts as to which he

contends there is no genuine dispute to be tried. As a result, Mr. Roebuck belatedly filed a petition to file a statement of undisputed facts (Dkt. No. 18).

Shelter opposes the motion for partial summary judgment and the belated petition to file a statement of undisputed facts (Dkt. Nos. 15; 19). Shelter contends that Mr. Roebuck has not met his burden of proof so as to be entitled to entry of judgment as a matter of law in his favor on his claim and against this affirmative defense. Shelter argues that Mr. Roebuck "failed to provide all the information Shelter requested promptly or otherwise after the fire, that he failed to fully cooperate with Shelter and its agents, and that he failed to comply with all conditions of the policy." (Dkt. No. 15, ¶ 1). Shelter also maintains the motion should be denied for failure to comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1(a) (*Id.*, ¶ 2).

The Court has reviewed all of the parties' submissions with regard to Mr. Roebuck's motion for partial summary judgment, including the record evidence before the Court. Construing all reasonable inferences from the record evidence in favor of the non-moving party Shelter, the Court concludes that there are genuine issues of material fact in dispute that remain for trial and that preclude granting Mr. Roebuck's motion for partial summary judgment. Therefore, the Court denies Mr. Roebuck's motion for partial summary judgment (Dkt. No. 11). The Court denies as moot Mr. Roebuck's petition to file Local Rule 56(1)(a) statement of undisputed facts (Dkt. No. 18). Even if the Court were to permit Mr. Roebuck to file a statement of undisputed facts, having reviewed the entire record before the Court including Mr. Roebuck's proposed statement of undisputed facts, the Court would still deny his motion for partial summary judgment due to remaining genuine issues of material fact in dispute.

## IV. Conclusion

For these reasons, the Court denies Mr. Roebuck's motion for partial summary judgment (Dkt. No. 11). The Court denies as moot Mr. Roebuck's petition to file a statement of undisputed facts (Dkt. No. 18).

It is so ordered this 13th day of October, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge