## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**DEMARIO ROEBUCK**                                                           **PLAINTIFF**

**V.**                     **Case No. 2:20-cv-00163 KGB**

**SHELTER MUTUAL INSURACE COMPANY**                     **DEFENDANT**

## ORDER

Before the Court is Louis Etoch and David Hodges' motion to withdraw as attorneys for the plaintiff Demario Roebuck (Dkt. No. 58).  Defendant Shelter Mutual Insurance Company ("Shelter") filed a response (Dkt. No. 59).  Mr. Etoch and Mr. Hodges represent that there are irreconcilable differences between Mr. Roebuck and the two attorneys and that "the appropriate choice is to ask the Court for permission to withdraw as attorneys." (Dkt. No. 58).  Shelter does not object and asks that the Court:  (1) permit the withdrawal of Mr. Roebuck's counsel as requested;  (2) direct Mr. Roebuck to inform the Court within 30 days whether he has obtained new counsel or wishes to proceed *pro se*; and (3) continue the trial and stay this matter until Mr. Roebuck informs the Court how and if he wishes to proceed (Dkt. No. 59).  Shelter alternatively asserts that Mr. Roebuck could move to dismiss the case without prejudice pursuant to Rule 41(a)(2), which, according to Shelter, would permit Mr. Roebuck "even more time to retain new counsel and re-file the instant lawsuit should he decide to do so." (*Id.*, ¶ 5).

For good cause shown, the Court grants the pending motion to withdraw (Dkt. No. 58). The Court relieves Mr. Etoch and Mr. Hodges as counsel for Mr. Roebuck in this case.  Mr. Etoch and Mr. Hodges are directed to provide a copy of this Order to Mr. Roebuck.

The Court continues the jury trial scheduled for June 30, 2022, and July 1, 2022, and stays this case until Mr. Roebuck informs the Court of how he wishes to proceed.  Mr. Roebuck has up

to and including 30 days from the date of this Order to inform the Court in a written filing filed with the Court whether he has obtained new counsel or wishes to proceed *pro se* by representing himself.

As Mr. Roebuck is currently proceeding *pro* se, he is directed to Local Rule 5.5(c)(2), which provides:

> Parties appearing *pro se*.  It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Finally, Mr. Roebuck is advised that service pursuant to Rule 5 of the Federal Rules of Civil Procedure may be made by regular first-class mail to Shelter's counsel at their address, 825 West Third Street, Little Rock, AR 72201, until or unless new counsel enters an appearance for Mr. Roebuck.

All parties are directed to file written status reports with the Court within 30 days from the date of this Order to inform the Court of the status of this matter.  The Court will determine then whether the matter is ready to be reset for trial.

It is so ordered this 22nd day of June, 2022.

_____
Kristine G. Baker
United States District Judge